UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X     NOT FOR PUBLICATION
JEANNETTE VIRUET,

                Plaintiff,
   -against-                                                                      MEMORANDUM AND ORDER

BANK OF AMERICA CORPORATION,                        15-CV-3366 (ERK) (SMG)
NATIONSTAR MORTGAGE, LLC.,
FEDERAL NATIONAL MORTGAGE
ASSOCIATION,

                Defendants.
-----------------------------------------------------------X
KORMAN, J.:

      On June 9, 2015, plaintiff Jeannette Viruet, appearing *pro se,* filed this action against mortgage lenders alleging various tort claims in connection with a delinquent mortgage account. Plaintiff alleges that "payment of $296,000.00 was tendered for full satisfaction and accord with respect to any outstanding amounts due under the Consolidated Note," Compl. at 4, therefore any attempts to place a lien or foreclose on her property are invalid. She seeks a declaratory judgment to this effect.

      Plaintiff's argument appears to be premised on the "vapor money" theory which as been repeatedly rejected by federal courts nationwide. See, e.g., Evans v. Beneficial Financial I, Inc., No. DKC 14-1994, 2015 WL 535718, at *5 (D.Md. Feb. 9, 2015) (citing cases); Tonea v. Bank of Am., N.A., 6 F.Supp.3d 1331, 1344-45 (N.D.Ga. 2014) (dismissing claims based on the "vapor money" theory, calling it a "convoluted and nonsensical argument that a plaintiff does not owe the money advanced by the lender on his loan because the indebtedness was not funded by the lender with actual money."); Gallant v. Deutsche Bank Nat. Trust Co., 766 F.Supp.2d 714, 722 (W.D.Va. 2011) (holding that complaints based on vapor money and unlawful money theories fail to state a cognizable claim); McLaughlin v. CitiMortgage, Inc., 726 F.Supp.2d 201, 212-214 (D.Conn. 2010)

(citing cases) (rejecting vapor money claims and holding that a check issued by a bank or mortgage company does not need to be legal tender for a loan to be valid).

Under the "vapor money" theory, "promissory notes (and similar instruments) are the equivalent of 'money' that citizens literally 'create" with their signatures." McLaughlin, 726 F.Supp.2d at 212. Here, plaintiff makes precisely the same argument that was rejected in McLaughlin, i.e., that her "promissory note" dated May 15, 2015, satisfied the mortgage debt. See Pl. Exhibit 3. Plaintiff's argument that her "promissory note" satisfied her mortgage debt is "'based on an indisputably meritless legal theory,'" Scanlon v. Vermont, 423 F. App'x 78, 79 (2d Cir. 2011) (summary order) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)), and is subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

Accordingly, the complaint, filed *in forma pauperis*, is dismissed for failure to state a claim and as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). Any state law claims are dismissed without prejudice. The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

               _/s/__Edward R. Korman_____
               Edward R. Korman
               United States District Judge

Dated: July 7, 2015
   Brooklyn, New York

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
JEANNETTE VIRUET,

                Plaintiff,

        -against-

BANK OF AMERICA CORPORATION, NATIONSTAR MORTGAGE LLC, FEDERAL NATIONAL MORTGAGE ASSOCIATION,

                Defendants.
----------------------------------------------------------x

**CIVIL JUDGMENT**

15-CV-3366 (ERK) (SMG)

      Pursuant to the Memorandum and Order issued on July 7, 2015 dismissing the complaint, it is hereby

**ORDERED, ADJUDGED AND DECREED**: That the complaint is dismissed as for failure to state a claim and as frivolous. 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal.

                                                                             _/s/_ Edward R. Korman
                                                                             Edward R. Korman
                                                                             United States District Judge

Dated: Brooklyn, New York
        July 7, 2015